**Marien U. EKANDZA–EBALE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 06–0865–ag.**

United States Court of Appeals, Second Circuit.

Dec. 11, 2006.

Matthew J. Harris, Of Counsel to Eric A. Wuestman, New York, New York, for Petitioner.

Fred B. Westfall, Jr., Assistant United States Attorney (Charles T. Miller, United States Attorney for the Southern District of West Virginia), Charleston, West Virginia, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Marien U. Ekandza–Ebale, a native and citizen of the Republic of Congo, seeks review of a January 25, 2006, order of the Board of Immigration Appeals ("BIA") affirming the August 31, 2004, decision of Immigration Judge ("IJ") Philip J. Montante, Jr., denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Marien U. Ekandza–Ebale*, No. A95 968 247 (B.I.A. Jan 25, 2006), *aff'g* No. A95 968 247 (Immig. Ct. Buffalo Aug. 31, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (affirming findings where they are "supported by reasonable, substantial, and probative evidence in the record when considered as a whole" (internal quotations omitted)).

■ We find the IJ's adverse credibility determination with respect to Ekandza–Ebale is supported by substantial evidence. The IJ found several significant inconsistencies between the two declarations Ekandza–Ebale filed in support of his application, as well as several inconsistences between Petitioner's testimony and the two applications, all of which are supported in the record.

■ Ekandza–Ebale argues on appeal that these discrepancies were caused by difficulty in his understanding the translator, whom Petitioner posits spoke a different dialect than Petitioner. The record, however, does not support Petitioner's claim. Petitioner raised this claim during the hearing with the IJ, who considered and reasonably rejected Petitioner's counsel's claim that there appeared to be a translation breakdown. Petitioner raised this claim to the BIA, arguing not only error in the credibility finding but also that the incorrect translation created a due process violation. The BIA rejected Petitioner's translation claim finding "no indication in the transcript that respondent was having any difficulty understanding or answering questions asked of him." This decision is supported in the record, which reveals that, although several questions were not initially answered by Petitioner and had to be repeated, Petitioner was able to answer after the questions were

posed again. Both the IJ and the translator took care to ensure that Ekandza–Ebale's account came through as accurately as possible, by repeating questions and answers, and slowing down the proceedings when necessary. We find no problems that implicate the accuracy of Petitioner's translated testimony.

 Additionally, even assuming arguendo that there were translation discrepancies, Petitioner has not indicated which questions were misunderstood or mistranslated, nor has he suggested how his answers might have been meaningfully different with a proper translation. *See Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994) (rejecting challenge to translation where petitioner did not "specif[y] which, if any, words would have been translated differently, given a more competent interpreter"); *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir.1994) (holding that "[e]ven if the interpretation was incompetent, [the petitioner] must show that the incompetence prejudiced the outcome of her hearing"). In light of these facts and after reviewing the record fully, we find that Ekandza–Ebale was afforded due process, and confirm that substantial evidence supports the IJ's adverse credibility finding.

The IJ further found the Petitioner failed to meet his burden of establishing through credible evidence that it is more likely than not he will be persecuted if returned to the Republic of Congo. *Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332, 339 (2d Cir.2006) (quoting 8 C.F.R. § 208.16(b)(2)). In part for the reasons stated above, that finding is supported by substantial evidence. In addition, although Petitioner presented evidence, which if believed showed he was persecuted in the past because of his political association, the IJ found Petitioner was not credible as to those past persecution claims and there was no objective evidence

to establish the likelihood of his being persecuted in the future. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir. 2004). As indicated, these findings are supported by substantial evidence.

In his brief, Petitioner makes only a passing reference to the fact that he seeks relief under CAT, but does not meaningfully address the issue. Accordingly, his CAT claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *see also Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (2d Cir.1996) (raising claim only in heading of brief insufficient). Even assuming, arguendo, that it had not been waived, we find petitioner's CAT claim to be without merit because he did not present any evidence that he is more likely than not to be tortured if returned.

For the foregoing reasons, the petition for review is hereby DENIED.